■ DANIEL GREENWALD et al., Respondents-Appellants, v JOHN COFFEY et al., Constituting the NASSAU COUNTY PUBLIC EMPLOYMENT RELATIONS BOARD, et al., Respondents, and COUNTY OF NASSAU et al., Appellants-Respondents.—In a plenary proceeding pursuant to CPLR article 78 to compel the County of Nassau, pending review of an award of the public arbitration panel of the Nassau County Public Employment Relations Board, dated March 19, 1976, to pay the full amount of such award, the appellants-respondents appeal from an order of the Supreme Court, Nassau County, entered April 13, 1976, which granted interim relief to the extent, inter alia, of requiring the county to pay a portion of the total award and petitioners cross-appeal from so much of the said order as failed to grant interim relief to the full extent set forth in the panel's award. Permission for the taking of the appeal and cross appeal is hereby granted by Mr. Justice HOPKINS. Order reversed, on the law, without costs or disbursements, and proceeding dismissed as academic in view of the determination in Caso v Coffey (53 AD2d 373). We disagree with Special Term's conclusion that a provision in a budget of the public employer or municipality for estimated salary increases which may be awarded in pending unresolved disputes constitutes

an admission that the amount so budgeted is due so that the amount so allocated must be paid pending a final determination of the dispute. The budget provision does not constitute encumbered funds. There is a clear distinction between the purpose of a budget and good faith bargaining as to terms and conditions of employment. Hopkins, Acting P. J., Martuscello, Margett, Damiani and Hawkins, JJ., concur.